COCA–COLA CO. v. GLEE–NOL BOTTLING CO. et al.

(Circuit Court of Appeals, Fifth Circuit.   March 8, 1915.)

No. 2692.

TRADE-MARKS AND TRADE-NAMES ⊚⟹70—UNFAIR COMPETITION—ACTS CONSTITUTING.

 Bottles of the same size, shape, color, and general appearance as those commonly used for plaintiff's beverage, Coca-Cola, and that of defendant, Glee-Nol, were in general use as containers of many other beverages similarly dealt in.  The beverages were unlike in taste or odor, and there were many other beverages on the market having practically the same color as both.  Defendant had not undertaken to mislead dealers to whom it sold, nor to induce them to substitute Glee-Nol for Coca-Cola.  Though the name Glee-Nol was blown into the same parts of the bottles at which the name Coca-Cola was blown into the bottles containing it, generally, but not universally, and though the name appeared in the same style of script, or type in imitation of written letters, it did not appear that, prior to the time defendant commenced placing the name on that part of the bottle, corresponding places on plaintiff's bottles had been in such general and exclusive use that the mere presence of any word at such place had come to be accepted generally or to any appreciable extent as an identification of the beverage, nor did it appear that the use of the same style of script resulted in any greater resemblance than that existing between two written or printed words which are wholly different except in so far as a letter or letters common to both are alike, and it appeared that no one could be deceived, unless he was so utterly unobservant that he might be deceived without any resemblance between the two articles. *Held*, that unfair competition on defendant's part did not appear.

 [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 81; Dec. Dig. ⊚⟹70.

 Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit by the Coca-Cola Company against the Glee-Nol Bottling Company and others.  Decree for defendants, and plaintiff appeals.  Affirmed.

Harold Hirsch, of Atlanta, Ga., and John May, of New Orleans, La. (Candler, Thomson & Hirsch and A. W. Candler, all of Atlanta, Ga., and Fred S. Weis, of New Orleans, La., on the brief), for appellant.

Henry P. Dart, of New Orleans, La. (Dart, Kernan & Dart, of New Orleans, La., on the brief), for appellee Glee-Nol Bottling Co.

Edward P. Foley, of New Orleans, La., for appellee Grosz.

Before PARDEE and WALKER, Circuit Judges, and SHEPPARD, District Judge.

WALKER, Circuit Judge.   We concur in the conclusion reached by the District Court that the evidence adduced was insufficient to furnish substantial support for the claim of unfair competition made by the bill.  Bottles of the same size, shape, color, and general appearance as those commonly used as containers of the two drinks in ques-

tion, that of the plaintiff, Coca-Cola, and that of the defendant company, Glee-Nol, are in general use as containers of many other drinks which are similarly dealt in. The name of the defendant company's drink is not at all like that of the plaintiff's. The one drink is not like the other in either taste or odor. There are many other drinks on the market which have practically the same color as that of each of these two. There was no evidence at all having a tendency to prove that the defendant in any way undertook to mislead the dealers to whom alone it sells its drink, or to induce them to substitute Glee-Nol for Coca-Cola when the latter was called for; and there was no evidence of any conduct of the defendant company from which it could be inferred that anything it did amounted to an imitation of any distinguishing feature of the plaintiff's product or was intended to, or in fact did, beguile the public or any part of it into buying Glee-Nol under the impression that they were buying Coca-Cola, unless such evidence is found in that which went to prove that the name Glee-Nol was blown into the same parts of the bottles containing it at which the name Coca-Cola is found blown into the bottles generally, but by no means universally, used by the distributors of that beverage, and that the letters forming the name Glee-Nol, where it appears on the bottles used by the defendant company, are of a style of script or type made in imitation of written letters similar to that used in displaying the name Coca-Cola on the bottles containing it.

The evidence failed to show that, prior to the time of the defendant company's selection of the places on its bottles at which the name of its drink was blown in, corresponding places on their bottles had been in such general and exclusive use for the same purpose by the distributors of the plaintiff's drink that the mere presence of a word, without regard to what it was, blown at those places into such bottles as the plaintiff's drink was generally marketed in, had come to be accepted generally or to any appreciable extent as a ready means of identifying the beverage which a bottle contained as Coca-Cola and distinguishing it from any other beverage similarly served. And it was not made to appear that the use by the defendant company of the same style of script as that used for the name Coca-Cola on the bottles containing it resulted in there being any resemblance between the two names as they were respectively displayed other than such as exists between two written or printed words which are wholly different, except in so far as a letter or letters common to both are alike. The impression made by the evidence as a whole is that the respective products of the plaintiff and the defendant company, and the ways they are put up, are unlike in so many respects and are so readily distinguishable, and the points of resemblance are so few and of a kind so unlikely to create confusion, as to negative the conclusion that there was an imitation which was either intentional or deceptive and to indicate the improbability of any one being deceived into accepting Glee-Nol when he calls for Coca-Cola, unless he is so utterly unobservant when he gets and consumes such a beverage that a deception might with equal success be practiced upon him, whether there is or is not a resemblance in any identifying particular between what he calls for and what he gets. A charge of unfair competition cannot be sustained by such evidence.

"The essence of the wrong in unfair competition consists in the sale of the goods of one manufacturer or vendor for those of another, and if defendant so conducts its business as not to palm off its goods as those of complainant the action fails." Howe Scale Co. v. Wyckoff, Seamans & Benedict, 198 U. S. 118, 140, 25 Sup. Ct. 609, 614 (49 L. Ed. 972); Coca-Cola Co. v. Branham et al. (D. C.) 216 Fed. 264.

The decree appealed from is affirmed.